# EXHIBIT A

*State Court Pleadings*

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON | |
| LISA BARRETT | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | |
| vs. | 2017-CP - 10- |
| GUILD MORTGAGE COMPANY | |
| Defendant(s) | |

Submitted By: Jarrel L. Wigger
Address: 8086 Rivers Avenue, Suite A
N. Charleston, SC 29406

SC Bar #: 011824
Telephone #: 843-553-9800
Fax #: 843-553-1648
Other:
E-mail: jwigger@wiggerlawfirm.com

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)

*If Action is Judgment/Settlement do not complete*

☒ JURY TRIAL demanded in complaint.   ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20___-NI-___-___ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499) |
| ☒ Employment (180) | | ☐ Other (399) | |
| ☐ Other (199) | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| | Special/Complex /Other | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Other (799) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |

Submitting Party Signature: *[signature]*   Date: 10/19/2017

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (06/2015)   Page 1 of 2

## FOR MANDATED ADR COUNTIES ONLY

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON ) | CASE NO.: 2017-CP-10-____ |
| ) | |
| Lisa Barrett, ) | |
| Plaintiff, ) | SUMMONS |
| ) | |
| v. ) | |
| ) | |
| Guild Mortgage Company, ) | |
| Defendant. ) | |

FILED 2017 OCT 20 PM 1:38 JULIE J. ARMSTRONG CLERK OF COURT

TO THE ABOVE NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED and requested to answer the Complaint in this action of which a copy is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the subscriber at his office, 8086 Rivers Avenue, Suite A, North Charleston, South Carolina 29406, within thirty (30) days after service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff will apply to the Court for the relief demanded in the Complaint.

Respectfully submitted,

_____
Jarrel L. Wigger
8086 Rivers Avenue, Ste A
North Charleston, SC 29406
(843) 553-9800
Attorney for Plaintiff

North Charleston, South Carolina
This 19 day of October 2017.

STATE OF SOUTH CAROLINA )  IN THE COURT OF COMMON PLEAS
COUNTY OF CHARLESTON )  CASE NO.: 2017-CP-10-____
)
Lisa Barrett, )
    Plaintiff, )
) **COMPLAINT**
) **JURY TRIAL REQUESTED**
v. )
)
)
Guild Mortgage Company, )
    Defendant. )

The Plaintiff complaining of the Defendant alleges as follows:

1. Plaintiff, Lisa Barrett, is a citizen and resident of Dorchester, South Carolina.

2. Defendant, Guild Mortgage Company, upon information and belief, is a foreign corporation and is operating by virtue of laws of the State of California, and at all times herein operated as a business within the State of South Carolina and the County of Charleston.

3. That on or about January 2014, the Plaintiff and the Defendant entered into an employment relationship whereby the Defendant employed the Plaintiff to begin work as a loan officer.

4. From April 1, 2016 to July 19, 2017, the Plaintiff was paid monthly commissions based off of the number of loans closed per month.

5. Beginning on or about January 1, 2016, Plaintiff elected to have a portion of her paycheck contributed to a Business Development Accountable Plan. These funds were her funds, but were put into an account to be available to the employee to cover expenses.

6. On or about July 19, 2016, the Defendant terminated Plaintiff's employment.

7. Following July 19, 2016, the Plaintiff did not receive commissions on all loans that funded for the month as per her agreement with Defendant.

8. Following July 19, 2017, the Plaintiff made several requests for the commission to be paid and to get her funds from the Business Development Accountable Plan and spoke with Defendant's HR Business Partner, Kristen Tsui. The Defendant's refused reasonable opportunities to make good on the commission payments, all with bad faith, and refused to giver the Plaintiff her money back.

9. To date, Plaintiff has not received her full commissions for loans closed, nor has she received her funds from the Business Development Accountable Plan.

## FOR A FIRST CAUSE OF ACTION
### Violation of South Carolina Payment of Wages Act

10. The Plaintiff realleges and reiterates the preceding paragraphs as if fully set forth herein verbatim.

11. The Defendants wrongfully withheld the Plaintiff's wages and commissions and the Defendant should be required to pay the Plaintiff for all wages and commissions owed to her, plus interest.

12. That the Plaintiff demanded the funds and gave the Defendant's ample opportunity to correct the FLSA violation, and they chose not to.

13. The Plaintiff is entitled to an award of damages against the Defendant in an amount to be determined by the trier of fact; also because the damages relate to wages owed to her, the Plaintiff is entitled to treble damages pursuant to the South Carolina Payment of Wages Act, South Carolina Code of Laws Sec. 41-10-80, 1976, as amended, plus attorney fees and costs.

## FOR A SECOND CAUSE OF ACTION
### Violation Of Fair Labor Standards Act

14. The Plaintiff repeats and reiterates the foregoing allegations as though repeated herein verbatim.

15. The Plaintiff was working for the Defendant and accrued earned commissions. The Defendant has failed and continues to fail to pay the wages owed to the Plaintiff in violation of the Fair Labor Standards Act of 1938 (FLSA).

16. The Plaintiff is informed and believes that the Defendant was unjustly enriched in maintaining wages and commissions which rightfully belong to the Plaintiff pursuant to the FLSA.

17. As a direct and proximate result of the acts, omissions, and practices of the Defendant, the Plaintiff sustained a loss of income.

18. As a direct and proximate result of the acts and practices of the Defendant, the Plaintiff is informed and believes she is entitled to an award of damages, commissions owed, liquidated damages, treble damages, prejudgment interest, costs, legal fees, and any other damages to which he may be entitled.

## FOR A THIRD CAUSE OF ACTION
### Conversion

19. The Plaintiff realleges and incorporates by reference the allegations contained hereinabove as if fully set forth herein.

20. The Defendant committed conversion against the Plaintiff in the following particulars to wit:

    a) In wrongfully withholding the Plaintiff's money in the Business Development Accountable Plan from her possession; and

    b) In withholding the Plaintiff's money with the intent to permanently deprive and defraud the Plaintiff of the use and benefit of her money;

21. The Defendant also committed conversion against the Plaintiff by not surrendering the money upon her request for the commissions owed to her, and for her own funds from the Business Development Accountable Plan.

22. The Defendant converted said funds to their own use.

23. The Defendant's actions were without right or justification and constituted the conversion of the Plaintiff's property.

24. The Defendant acted maliciously and in bad faith in that they knowingly converted the Plaintiff's funds when in the exercise of reasonable care they should have known their actions were wrongful.

25. That as a direct and proximate result the Plaintiff has suffered a loss of income and has been otherwise injured and damaged in such amount as a judge and jury may determine.

### FOR A FOURTH CAUSE OF ACTION
### Unjust Enrichment

26. The Plaintiff realleges and reiterates the preceding paragraphs as if fully set forth herein verbatim.

27. Based upon the agreement between the Plaintiff and the Defendant, the Plaintiff performed services for the Defendant in exchange for a sum of wages and commissions, plus benefits pursuant to the agreement. The Defendant has also failed to return the Plaintiff's money they were holding in the Business Development Accountable Plan. The Defendant has failed and continues to fail to pay the monies owed to the Plaintiff as agreed.

28. The Defendant was unjustly enriched in holding wages and commissions and the Plaintiff's own money which rightfully belong to the Plaintiff.

29. As a result of the Defendant's unjust enrichment, the Plaintiff is entitled to an award of damages against the Defendant in an amount to be determined by the trier of fact.

30. That as a direct and proximate result of said conduct on the part of the Defendant, its agents and servants, the Plaintiff has been damaged as aforesaid, both actual and punitive, in such amount as a judge and jury may award.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorneys fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant for past wages, commissions and any other work benefits she lost in an amount to be determined by the trier of fact, and treble damages;

4. Judgment against the Defendant for actual damages, punitive damages, legal fees, costs and any other relief this Honorable Court deems just and proper.

Respectfully submitted,

*[signature]*
Jarrel L. Wigger
8086 Rivers Avenue, Ste A
North Charleston, SC 29406
(843) 553-9800
Attorney for Plaintiff

North Charleston, South Carolina
This __19__ day of October 2017.