# Exhibit A

# CONFIDENTIAL SETTLEMENT AGREEMENT
# AND GENERAL RELEASE OF ALL CLAIMS

This Confidential Settlement Agreement and General Release of All Claims ("Settlement Agreement") is entered into by and between Lisa Barrett ("Plaintiff") and Guild Mortgage Company, including its past, present and future officers, directors, employees, parent companies, subsidiaries, divisions, insurers, and attorneys (collectively hereinafter "Defendant"). The term "Party" or "Parties" as used herein shall refer to Plaintiff, Defendant or both, as may be appropriate.

1. **Purpose of Agreement**. In order to avoid additional cost and the uncertainty of litigation, the Parties desire to enter into this settlement agreement in order to resolve any and all claims, known and unknown, asserted and unasserted, which Plaintiff has or may have against the Released Parties (as defined in Section 6(a) below) as of the date of execution of this Settlement Agreement.

2. **No Admission of Wrongdoing**. The Parties agree that neither this Settlement Agreement nor the furnishing of the consideration for this Settlement Agreement shall be deemed or construed at any time for any purpose as an admission by the Released Parties of wrongdoing or evidence of any liability or unlawful conduct of any kind.

3. **Consideration/Indemnification For Tax Consequences**.

(a) In consideration for signing this Settlement Agreement and complying with its terms, Plaintiff will be paid the gross sum of $7,000, which will be paid on behalf of Defendant as follows:

(1) $4,474.90 shall be paid to Plaintiff, as compensation for alleged lost wages, less lawful withholdings, said amount to be reported on an IRS form W-2 as appropriate;

(2) $2,525.10 shall be paid to Plaintiff's attorneys, said amount to be reported on IRS Form 1099's as appropriate;

(b) Plaintiff understands and agrees that, except for amounts paid under paragraphs 3(a)(1) of this Settlement Agreement, she is solely responsible for determining and paying any taxes due and payable by her as a result of this Settlement Agreement. Should the IRS, or any other taxing authority or other federal, state or local agency assert, argue or determine that any money received by or paid to Plaintiff pursuant to paragraph 3(a)(2) of this Settlement Agreement is taxable wages, income or benefits of any kind, Plaintiff solely and individually will be responsible for the payment of any and all taxes, contributions from any of the Released Parties or withholdings including, but not limited to, any related interest, costs, penalties or other charges, regardless of whether any of the Released Parties should have withheld or paid such taxes or made such contributions (including Social Security or Medicare).

4. **No Consideration Absent Execution of this Agreement**. Plaintiff understands and agrees that she would not receive the consideration specified in Section 3 above,

except for Plaintiff's execution of this Settlement Agreement and the fulfillment of the promises contained herein.

5.    **Disbursal of Settlement Funds/Dismissal of Action**.

(a)    Within 20 calendar days from the date Jackson Lewis P.C. ("Defendant's Counsel") receives confirmation of execution of a Settlement Agreement bearing the original signature of Plaintiff, Defendant's Counsel shall overnight to Plaintiff's Counsel the sums described more fully in Section 3 above. If the date by which the payment is to be overnighted to Plaintiff's Counsel falls on a Saturday, Sunday or legal holiday in the State of South Carolina, then the date said payment shall be overnighted to Plaintiff's Counsel shall be the next following day which is not a Saturday, Sunday or legal holiday in the State of South Carolina.

(b)    By joint stipulation the parties shall file a dismissal of Civil Action No. 2:17-cv-3284-DCN (the "Lawsuit") with prejudice. No Party shall claim to be the prevailing party in the Lawsuit and the parties shall be responsible for their respective attorneys' fees and costs.

6.    **Release of Claims**.

(a)    Plaintiff, individually and on behalf of her heirs, executors, administrators, representatives, attorneys, successors and assigns, knowingly and voluntarily releases and forever discharges Defendant, its affiliates, subsidiaries, divisions, predecessors, successors, employee benefit plans and programs, insurers, and all current and former employees, attorneys, trustees, fiduciaries, administrators, officers, directors, and agents, both individually and in their business capacities (collectively, the "Released Parties"), to the full extent permitted by law, of and from any and all claims, known and unknown, asserted and un-asserted, as of the date of execution of this Settlement Agreement including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964;
- The Civil Rights Act of 1991;
- The Family Medical Leave Act ("FMLA");
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan);
- The Americans with Disabilities Act of 1990 ("ADA");
- The Age Discrimination in Employment Act of 1967 ("ADEA");
- The Occupational Safety and Health Act (OSHA);
- The Equal Pay Act;
- The National Labor Relations Act;
- The Consolidated Omnibus Budget Reconciliation Act ("COBRA");
- The Older Workers Benefit Protection Act;
- The Federal Fair Credit Reporting Act;
- The Fair Labor Standards Act;

2

- The Worker Adjustment and Retraining Notification Act ("WARN")
- The Rehabilitation Act of 1973;
- The Vocational Rehabilitation Act of 1973;
- The Uniformed Services Employment and Reemployment Rights Act;
- The Davis-Bacon Act;
- The Walsh-Healey Act;
- The Contract Work Hours and Safety Standards Act;
- The Sarbanes-Oxley Act;
- Executive Order No. 11246;
- The South Carolina Human Affairs Law;
- Any tort theory including but not limited to the torts of wrongful discharge, negligent or intentional misrepresentation, negligent hiring or retention, defamation, invasion of privacy, interference with economic relations, intentional injury, intentional infliction of emotional distress, or negligent  infliction of emotional distress;
- Any contract claim, fiduciary duty claim, public policy claim, retaliation claim, personal injury claim, fraud claim, or *quantum meruit* claim;
- Any claim for fraud, including fraud in the inducement relating to this or any other Agreement;
- Any other claim based on the employment relationship, whether federal, state, local or common law; or
- Any claim for costs, fees, or other expenses, including attorneys' fees or costs incurred in these matters.

(b)    **Claims Not Released.**  Plaintiff is not waiving any rights which she may have to: (a) Plaintiff's own vested accrued employee benefits under Defendant's welfare, or retirement benefit plans; (b) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (c) pursue claims which by law cannot be waived by signing this Agreement; (d) enforce this Agreement; and/or (e) challenge the validity of this Agreement.

(c)    **Governmental Agencies.**  Nothing in this Agreement prohibits or prevents Plaintiff from filing a charge with or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding or other proceeding before any federal, state, or local government agency (including, but not limited to, the EEOC), nor does anything in this Agreement preclude, prohibit or otherwise limit, in any way, Plaintiff's rights and abilities to contact, communicate with, report matters to, or otherwise participate in any whistleblower program administered by any such agencies.  However, to the maximum extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

(d)    **Collective/Class Action Waiver.**  If any claim is not subject to release, to the extent permitted by law, Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which the Select Comfort Corporation or any other Releasee identified in this Agreement is a party.

3

7.    **Acknowledgements and Affirmations**.

(a)     Plaintiff affirms that Plaintiff has not filed or caused to be filed any claim, complaint or action against Defendant in any forum or form, other than the Lawsuit and that Plaintiff presently is not a party to any claim, complaint or action against Defendant in any forum or form, other than the Lawsuit, which is settled herein.

(b)     Plaintiff also affirms that Plaintiff has no other known workplace injuries or occupational diseases and that Plaintiff has been granted or has not been denied any leave to which Plaintiff was entitled under the Family and Medical Leave Act or under state disability accommodation laws.

(c)     Plaintiff further affirms that, beyond claims made in this litigation, Plaintiff has not been retaliated against for reporting any allegations of wrongdoing by Defendant or any of its officers, directors or employees including, but not limited to, allegations of corporate fraud, or otherwise.

8.    **Confidentiality**.

(a)     Plaintiff agrees that Plaintiff will not publicize or disclose or cause or knowingly permit or authorize the publicizing or disclosure of the fact of this Settlement Agreement, the contents of this Settlement Agreement, or the negotiations leading up to it, or of the basis for any claims or allegations which were or could have been made against Defendant which concern and are within the scope of this Settlement Agreement (hereafter collectively referred to as "Confidential Information") to any person, firm, organization or entity of any and every type, public or private, for any reason, at any time, without the prior written consent of Defendant unless otherwise compelled by operation of law.   The Parties acknowledge their intention that the provisions of this Section create no liability for disclosures made: (i) for public information filed with the court in the Lawsuit prior to settlement; (ii) to enforce the terms of this Settlement Agreement; or (iii) as otherwise compelled by operation of law.  Plaintiff affirms that no disclosures have been made up to the date of her execution of this Settlement Agreement.

(b)     Plaintiff is permitted to disclose Confidential Information to Plaintiff's spouse, attorneys, and accountants.  However, each such person to whom Plaintiff discloses Confidential Information shall be bound by the confidentiality provisions hereof and any impermissible disclosure of Confidential Information by any such person so informed shall constitute a breach by Plaintiff of Section above.  Plaintiff also is permitted to disclose the amount of consideration set forth in Section above, as required by law, to governmental taxing authorities.  In response to inquiries from third parties concerning the status of this dispute or which would require the disclosure of Confidential Information, Plaintiff only will state that the dispute has been resolved.

9.    **Waiver of Right to Future Employment**.  Plaintiff agrees that she will not at any time following the execution of this Settlement Agreement apply for or seek employment with Defendant, either directly or indirectly, in any capacity.

4

10.    **Governing Law and Severability**.

(a)    This Settlement Agreement shall be governed and conformed in accordance with the laws of the State of South Carolina.

(b)    Should any provision of this Settlement Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision immediately shall become null and void, leaving the remainder of this Settlement Agreement in full force and effect.

(c)    In the event of a breach of any provision of this Settlement Agreement, any Party may institute an action specifically to enforce any term or terms of this Settlement Agreement or seek damages for breach. However, the Party instituting such an action must take steps to file this Settlement Agreement or any documents setting forth the terms of this Settlement Agreement with the court under seal. In an action to enforce any term or terms of this Settlement Agreement or to seek damages for breach of this Settlement Agreement, the prevailing party in that action shall be entitled to recover reasonable attorney's fees.

11.    **Amendment**. This Settlement Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Settlement Agreement. This Settlement Agreement may not be modified, altered, or changed by electronic mail.

12.    **Entire Agreement**. This Settlement Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties hereto, except those specifically identified in Section 7, which are incorporated herein by reference. Plaintiff acknowledges that Plaintiff has not relied on any representations, promises or agreements of any kind made to Plaintiff in connection with Plaintiff's decision to accept this Settlement Agreement, except for those set forth in this Settlement Agreement.

**IN WITNESS WHEREOF, Plaintiff knowingly and voluntarily executed this Settlement Agreement as of the date set forth below:**

Executed on _____        _____
                                     Lisa Barrett

Executed on _____        _____

Executed on _____        _____
                                     Guild Mortgage Company

5

4841-5679-8300, v. 2